UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

KYLE D. LaMAY,

        Petitioner,         Case No. 1:10-cv-692

v.         Honorable Robert J. Jonker

CAROL HOWES,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.   Factual Allegations

Petitioner Kyle D. LaMay presently is incarcerated at the Florence Crane Correctional Facility. While on bond for a charge of resisting and obstructing a police officer, MICH. COMP. LAWS § 750.479(1)(b), Petitioner briefly fled from police officers. He was charged with absconding on a felony bond, MICH. COMP. LAWS § 750.199a. Petitioner pleaded guilty in the Kent County Circuit Court to the resisting and obstructing charge, for which he was sentenced on July 27, 1998, as a fourth felony offender, MICH. COMP. LAWS § 769.12, to a prison term of two to ten years. He also pleaded guilty in Kent County to the charge of absconding on a felony bond, for which he was sentenced on September 9, 1998 to a term of one to four years.

Petitioner did not appeal his convictions. However, on July 29, 2008, Petitioner filed a motion for relief from judgment under MICH. COMP. LAWS § 6.502, in which he challenged his guilty plea to the absconding charge on the grounds that it was illusory and coerced and that the court lacked jurisdiction to convict him of the charge because his underlying offense of resisting and obstructing was only a misdemeanor, not a felony. The Kent County Circuit Court denied his motion on April 17, 2009. Petitioner filed an application for leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, both of which were denied on the grounds that Petitioner had failed to demonstrate entitlement to relief under MICH. CT. R. 6.508(D). The supreme court's order denying leave to appeal was entered on March 31, 2010.

Petitioner filed the instant habeas petition on July 20, 2010, raising the same grounds rejected by the Michigan courts.

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced for absconding on his bond on September 9, 1998. He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one year, until September 9, 1999, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no judgment on the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court. Thus, Petitioner may not count the 56-day period for seeking leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Nor may he count the 90-day period for filing a petition for a writ of certiorari. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the 90-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (holding that finality is analyzed the same under

§ 2244(d)(1)(A) and 2255). Consequently, under 28 U.S.C. § 2244(d)(1), Petitioner's conviction became final on September 9, 1999. Petitioner had one year after his petition became final, or until September 9, 2000, in which to file his habeas petition. Obviously, he filed more than one year after the time for direct review expired.

Petitioner argues, however, that his statute of limitations began to run only on July 29, 2008, when he "learned of the Jurisdictional and Judicial Defects, made unlawfully by the 'error' of the 17th Judicial District and Circuit Court of the State of Michigan . . . ." (Compl., Page ID #11.) He therefore appears to suggest that the timeliness of his petition should be calculated under § 2254(d)(1)(D), from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Although Petitioner argues that he did not become aware of the jurisdictional defects until 2008, when he learned of the existence of his legal arguments, he had all of the necessary *facts* from which to file his claims at the time of his conviction. *See Broom v. Strickland*, 579 F.3d 553, 557 (6th Cir. 2009) (recognizing that either actual or constructive knowledge of the necessary factual predicate upon which a legal claim may be made is the trigger for § 2254(d)(1)(D)); *McSwain v. Davis*, 287 F. App'x 450, 454 (6th Cir. 2008) (prisoner's discovery of a diagnosis for her mental illness did not amount to discovery of the factual predicate of her claim that she was incompetent at the time she stood trial); *Allen v. White*, 185 F. App'x 487, 489 (6th Cir. 2006) (factual predicate of the petitioner's *ex post facto* claim regarding good-time credits was provided by the passage of the statute, not by the statute's application to the petitioner). Regardless of Petitioner's lack of legal understanding, the factual predicate of his claims could have been discovered through the exercise of diligence at the time of his conviction.

Moreover, Petitioner makes no argument regarding his diligence in discovering his legal claims after the date of his conviction in 1998. Section 2244(d)(1)(D) does not turn on when Petitioner actually discovered his claim, but when he, through the exercise of due diligence, should have discovered that claim. Petitioner was charged with absconding on a felony bond. It should have been apparent at the time Petitioner pleaded guilty that his guilt depended on whether the bond on which he absconded was issued in a felony case. Moreover, Petitioner fails to explain how during the ten intervening years he exercised diligence in determining the existence of a legal claim. As a result, § 2244(d)(1)(D) is not applicable to Petitioner's case. Thus, absent tolling, Petitioner's application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: September 1, 2010                                   /s/ Hugh W. Brenneman, Jr.
                                                                          HUGH W. BRENNEMAN, JR.
                                                                          United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).